IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IVORY MILLER | § | |
| | § | |
| v. | § | C.A. NO. C-06-226 |
| | § | |
| CORPUS CHRISTI POLICE | § | |
| DEPARTMENT, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION TO DISMISS**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C.

§ 1983.  For the reasons stated herein, it is respectfully recommended that

plaintiff's action be dismissed.

**I.     JURISDICTION**

The Court has federal question jurisdiction over this civil rights action

pursuant to 28 U.S.C. § 1331.

**II.     FACTUAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS**

Plaintiff is incarcerated at the Intermediate Sanction Facility in Houston,

Texas.  He filed this lawsuit on May 31, 2006, against the Corpus Christi Police

Department and Detective John Doe claiming that defendants made false

allegations against him.  He seeks damages for false allegations, which he claims

resulted in an emergency protective order, defamation of character, and public

embarrassment.  A Spears[1] hearing was conducted on July 12, 2006.  The

following allegations were made in plaintiff's original complaint or at the hearing:

On August 17, 1993, plaintiff was arrested for a parole violation.  He

remained incarcerated until March 31, 1997.  He was released on parole on April 1,

1997.  He claims that a hearing was held on August 17, 2002, while he was still on

parole.  At this hearing, which he did not attend, a police detective falsely testified

that plaintiff had been convicted for assault and family violence charges as well as

terroristic threats six times between 1994 and 2002.  Four of the alleged

convictions occurred while he was incarcerated.  However, one of the terroristic

threats and one of the assault and family violence convictions each allegedly

occurred in 2002.

Plaintiff was arrested on March 3, 2006.  On the same day, Corpus Christi

Municipal Court Judge John Rank issued an emergency protective order requiring

him to stay away from his ex-girlfriend Cynthia Miller for sixty days.  On April 5,

2006, Judge Tom Greenwell of the 319th District Court extended the protective

order for a period of two years.

Plaintiff claims that he first became aware of the detective's false allegations

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

concerning his criminal record on the day the protective order was extended. He

argues that the false allegations against him constitute slander and led to both the

extension of the emergency protective order against him and public

embarrassment.  He further argues that he would either have been arrested or his

parole would have been revoked if the detective's allegations were true, but neither

of these events occurred.

## III.   DISCUSSION

### A.   Failure To Exhaust Administrative Remedies

Regarding the exhaustion of administrative remedies, the Prison Litigation

Reform Act ("PLRA") provides:

> No action shall be brought with respect to prison
> conditions under section 1983 of this title, or any other
> Federal law, by a prisoner confined in any jail, prison, or
> other correctional facility until such administrative
> remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Interpreting § 1997e(a), the Supreme Court recently held

that an inmate must properly exhaust his administrative remedies.  Woodford v.

Ngo, _U.S._, 126 S. Ct. 2378, 2382 (2006).

At the Spears hearing, plaintiff conceded that he has not exhaust his

administrative remedies.  He acknowledged that he failed to take any measures to

utilize the administrative grievance procedure provided by the Corpus Christi

3

Police Department at all.  Therefore, it is respectfully recommended that his action be dismissed for failure to exhaust administrative remedies.

**B.     Failure To State A Constitutional Violation**

To state a claim pursuant to § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim that entitle him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002).

Plaintiff claims that the defendants made false allegations against him, which caused him public embarrassment.  The Supreme Court has held that for purposes of § 1983 the infliction of a stigma on a plaintiff's reputation, by itself, does not violate a constitutional right.  Paul v. Davis, 424 U.S. 693, 710-11 (1976).  Similarly, the Fifth Circuit has explained that "injury to reputation alone does not give rise to section 1983 liability."  Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990) (citation omitted); see also Mowbray v. Cameron County, Tex., 274 F.3d 269, 277 (5th Cir. 2001) ("[slanderous] allegations do not state a claim under §

1983").  It has "consistently required plaintiffs alleging that the defamatory statements of a government official operated to deprive them of a protected liberty interest to satisfy what has sometimes been referred to as the 'stigma plus infringement' test."  Vander Zee v. Reno, 73 F.3d 1365, 1369 (5th Cir. 1996); accord Blackburn v. City of Marshall, 42 F.3d 925, 935-36 (5th Cir. 1995).

The application of the "stigma plus infringement" dovetails with the PLRA's requirements.  Specifically, it states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  Here, plaintiff has not alleged a physical injury suffered while in custody.  Furthermore, he has been in custody since learning of the defendant-police detective's statements at the hearing.  Consequently, he cannot proceed with his claim based upon allegations of slander and the public humiliation he claims to have suffered.  Cf. Geiger v. Jowers, 404 F.3d 371, 374-75 (5th Cir. 2005) (per curiam) (prisoner's First Amendment claim is barred by § 1997e(e) where there is no physical injury).[2]

Additionally, plaintiff makes no claims indicating an infringement of any of

---

[2] The Texas Constitution expressly authorizes the bringing of reputational torts. Simmons v. Ware, 920 S.W. 2d 438, 443 (Tex. App. 1996) (citing Casso v. Brand, 776 S.W.2d 551, 557-58 (Tex.1989)).

his substantive rights.  He complains that the emergency protective order, which

prevents him from seeing his ex-girlfriend, was extended from sixty days to two

years because of defendants' false allegations.  However, he testified that he no

longer has a relationship with his ex-girlfriend and that he does not intend to seek

any contact with her.

Ultimately, plaintiff does not demonstrate any harm, especially any physical

injury.  Accordingly, it is respectfully recommended that the Court dismiss his

action for failure to allege a claim entitling him to relief.

## IV.  RECOMMENDATION

Based on the foregoing analysis, it is respectfully recommended that

plaintiff's action be dismissed without prejudice for failure to state a claim

pursuant to 42 U.S.C. §1983.

Respectfully submitted, this 18th day of July 2006.

_____

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure; 28 U.S.C. § 636(b)(1)(C); and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).